Alan R. Solot, Esq.
SBN 006587
2701 E. Speedway STE 203
Tucson, Arizona 85716
520-299-1465
520-299-1482 (fax)
arsolot@gmail.com

Attorney for WAB Properties, LLC

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>GAEL SLADKY,<br><br>Debtor. | Chapter 13 Case<br>No. 4:20-bk-09417-BMW<br><br>**NOTICE OF APPEARANCE AND REQUEST TO BE PLACED ON MASTER MAILING LIST** |

WAB Properties, holder of validly perfected security interest in property owned by the Debtor in this case (referred to as "Secured Party") hereby gives notice to the Debtor and Trustee and any other parties in interest of (i) Secured Party's nonconsent to use of its cash collateral pursuant to §363(c)(2), and (ii) Secured Party's demand, pursuant to § 363(c)(4), for the Debtor and Trustee to segregate and account for all of Secured Party's cash collateral in the Debtor's possession, custody, or control.

**FACTUAL BACKGROUND**

1. Secured Party is the beneficiary of a Deed of Trust and Assignment of Rents granted to it by the Debtor to secure obligations arising from a promissory note regarding real estate located in Pima County, Arizona. Such property, commonly known by the mailing address of 2203 E. Benson Highway, Tucson AZ 85714 (the "Property"), is used by the Debtor as residential real estate which produces income. Secured Party holds a consensual lien on the Property pursuant to a Deed of Trust (the "Deed of Trust") in the original amount of $78,875.00, dated July 31, 2007, recorded September 17, 2007, at sequence number 20071800677, Official Records Pima County, Arizona.

2. The Deed of Trust secures repayment of the promissory note dated July 31, 2007 (the

"Note") in the original principal amount of $78,875.00 made by the Debtor in favor of Secured Party who remains the owner and holder of the Note. The obligation bears interest at the rate of 8% per annum.

**NOTICE OF NON-CONSENT AND DEMAND FOR SEGREGATION AND ACCOUNTING PURSUANT TO 11 U.S.C. § 363(C)**

3. Pursuant to the Deed of Trust and Note, the Secured Party holds a valid, perfected, and enforceable lien on and to the Property.

4. The Secured Party hereby gives notice that pursuant to §363 it does not consent to any use of an rents, issues, profits, or income produced by any of the Property assets, or any other collateral which may constitute Secured Party's cash collateral.

Finally, in addition to its objection and nonconsent to any use of its cash collateral by the Debtor or any trustee, Secured Party demands that the Debtor comply with her obligations under §363(c), specifically including without limitation the requirement that the Debtor segregate and account for all of Secured Party's cash collateral which is in her possession, custody, or control, as of the date of filing of Debtor's Chapter 13 case, as well as all cash collateral thereafter coming into the Debtor's possession, custody, or control.

Dated August 24, 2020

/s/ Alan R. Solot        SBN 006587
ALAN R. SOLOT
Attorney for WAB Properties, LLC

Copy of the foregoing mailed/transmitted on
August 24, 2020 to:

| | |
|---|---|
| Charles R Hyde, Esq. | Dianne C. Kerns, Esq. |
| Law Offices of C.R. Hyde | 31 N. 6th Avenue #105-152 |
| 2810 N Swan Rd. #160 | Tucson, AZ 85701 |
| Tucson, AZ 85712 | mail@dcktrustee.com |
| crhyde@gmail.com | Chapter 13 Trustee |
| office@oldpueblobankruptcy.com | |
| Attorney for Debtor | |