THIS ORDER IS APPROVED.

Dated: October 8, 2021

*Brenda Whinery*
**Brenda Moody Whinery, Chief Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>GAEL SLADKY,<br><br>                Debtor. | In Proceedings Under Chapter 13<br><br>Case No.: 4:20-bk-09417-BMW<br><br>**ORDER APPROVING SALE OF REAL PROPERTY AND PERSONAL PROPERTY FREE AND CLEAR OF LIENS**<br><br>**Subject Property:**<br>**2203 East Benson Highway**<br>**Tucson, AZ 85713** |

      Upon consideration of the *Motion to Approve Sale of Real Property Free and Clear of Liens Pursuant to 11 U.S.C. § 363* (the "Motion to Sell") (Docket Entry #99), filed by Gael Sladky ("Debtor"), through counsel, and upon consideration of the statements of all parties at the hearing on the Motion to Sell, which was conducted on October 5, 2021 (the "Hearing"), the entire record of this case, and there being no unresolved written or oral objections, the Court finds and concludes as follows:

      A.      The Court has jurisdiction over the matter raised in the Motion to Sell under 28 U.S.C. §§ 157, 1334 and 11 U.S.C. § 363.

1

B.  Venue of this matter is proper under 28 U.S.C. §§ 1408 and 1409.

C.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

D.  The relief requested in the Motion to Sell is in the best interest of the Debtor, her estate, her creditors and other parties-in-interest.

E.  The property that is the subject of the Motion to Sell is commonly described as 2203 East Benson Highway within the County of Pima and within in the State of Arizona (the "Property"). The property is further described in the Receipt for Deposit and Real Estate Contract ("Purchase Contract") and is identified by the Pima County Treasurer as 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.

F.  Debtor has agreed to sell the Property to White Pegasus LLC ("Buyer"). Debtor and Buyer have agreed to the sale of the Property as set forth in the Purchase Contract and the First Addendum to Purchase Contract ("Addendum") (Docket Entry #105) which was attached to the Notice of Filing Supplement to Debtor's Motion to Approve Sale of Real and Personal Property Free and Clear of Liens Pursuant to 11 U.S.C. §363(b) and (f). The purchase price for the Property is $525,000.00 to be delivered after closing of escrow with Buyer's due diligence starting once this order is lodged, and the Addendum contemplates a Seller Credit to Purchase in the amount of $12,000.00.

G.  No bidders appeared at the hearing to submit a higher or better bid than the buyer identified in the Sale Motion.

H.  The Debtor is the record title holder of the Property. The Property is the Debtor's primary residence and is claimed as exempt on Official Form 106C which was field at Docket Number 12.

I.  Debtor and Buyer have the requisite power, capacity, and authority to execute the Purchase Contract and all other documents contemplated thereby, and no further

2

Case 4:20-bk-09417-BMW    Doc 112    Filed 10/08/21    Entered 10/08/21 15:54:42    Desc
Main Document    Page 2 of 6

authorization is necessary to complete the sale and to consummate the transactions contemplated by the sales contract and to transfer title of the Property to Buyer other than this Order.

J. Due and proper notice of the Motion to Sell and the Hearing has been given to creditors and other parties-in-interest entitled to notice under the Bankruptcy Code and the Bankruptcy Rules and no other or further notice of the Motion to Sell and the Hearing is or was necessary, and all parties-in-interest have been heard, or have had the opportunity to be heard, regarding the approval of the Sale and all transactions contemplated thereunder.

K. The requirements of 11 U.S.C. § 363(f), specifically, 11 U.S.C. § 363(f)(1) and 11 U.S.C. § 363(f)(2), have been satisfied.

L. The Purchase Contract was negotiated and proposed, and has been entered into by the parties in good faith within the meaning of 11 U.S.C. § 363(m), at arm's length bargaining positions, and without collusion. Buyer is a good faith purchaser of the Property within the meaning of 11 U.S.C. § 363(m) and entitled to the protections thereof.

M. The consideration provided by Buyer is fair and reasonable and may not be avoided under 11 U.S.C. § 363(n).

N. Upon the record described above and the full record of the case, the Court has determined that the relief sought in the Motion to Sell is in the best interest of the Debtor, her estate and creditors, and all parties-in-interest, and the legal and factual bases set forth in the Motion to Sell and the Purchase Contract and the record established with respect thereto, there is good and sufficient cause for granting the relief requested in the Motion to Sell and approving the sale of the Property to Buyer.

O. Buyer is not an affiliate of the Debtor or the Debtor's estate or affiliates. Buyer is not a successor to the Debtor or to the Debtor's estate.

Accordingly, based upon the foregoing facts and conclusions,

**IT IS HEREBY ORDERED** as follows:

1. The paragraphs contained in the foregoing preamble and findings and conclusions are incorporated herein by reference as part of this Order.

2. The Motion to Sell is approved and the Debtor is authorized and directed to consummate the Sale upon the terms and conditions contained in the Purchase Contract. Debtor is hereby authorized and directed to execute all documents necessary or appropriate to close the sale and transfer title to Buyer and deliver such other documents, as are consistent with, and necessary or appropriate to implement, effectuate, and consummate, the Purchase Contract, any related agreements and the transactions contemplated by this Order, all without further application to, or further order of, the Court. Debtor is further authorized, empowered and directed to cause to be filed with the secretary of state of any state or other applicable officials of any applicable governmental units any and all certificates, agreements, or amendments necessary or appropriate to effectuate the transactions contemplated by the Purchase Contract, any related agreements and this Order. The execution of any such document or the taking of any such action shall be, and hereby is, deemed conclusive evidence of the authority of such person to so act.

3. Upon closing of the Sale, pursuant to the 11 U.S.C. § 363(f), the Property shall be transferred to Buyer free and clear of all existing pledges, liens, security interests, encumbrances, claims, charges, options, and interests.

4. The Debtor and the Escrow Agent so chosen, are hereby authorized and directed to close the Sale upon the terms and conditions set forth above.

5. The Debtor and the Escrow Agent so chosen by the parties to the Purchase Contract, are hereby authorized and directed to pay, from the proceeds of the Sale:

4

  a. All necessary closing costs identified in the closing costs sheet that was filed as a supplement to the Motion. This includes but is not limited only to the Debtor/Seller's portion of the 2021 real property taxes, as well as the real estate commissions due to the broker in this matter whose fee is found reasonable in all respects.

6. The lien of Community Loan Servicing, LLC fka Bayview Servicing, LLC, their assigns and successors, shall be paid in full at the close of escrow.

7. The undisputed portion of the lien of WAB Properties, LLC, their assigns and successors, shall be paid in the amount of $184,166. at the close of escrow.

8. The balance of WAB Properties, LLC's lien shall attach to the net sale proceeds pending further order of the court.

9. After the payment of all closing costs and obligations ordered above, any and all remaining sale proceeds shall be held in the client trust account of Debtor's counsel pending further order of the court.

10. All of the transactions contemplated by the Purchase Contract and the closing of the Sale shall be protected by 11 U.S.C. § 363(m) in the event that this Order is reversed or modified on appeal.

11. To the extent, if any, anything contained in this Order conflicts with a provision in the Purchase Contract, this Order shall govern and control.

12. The Purchase Contract or any document relating to the Purchase Contract, may be modified, amended, or supplemented by the parties to the Purchase Contract, in a writing signed by such parties and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Debtor, their estate or the creditors secured by the Property, provided

5

Case 4:20-bk-09417-BMW Doc 112 Filed 10/08/21 Entered 10/08/21 15:54:42 Desc
Main Document Page 5 of 6

however that no such modification, amendment, or supplement shall have any effect on WAB Properties, LLC's lien that shall attached to the net proceeds of sale as described in this Order.

13. As provided by Fed. R. Bankr. P. 6004(h) and 6006(d), this Order will not be stayed for 14 days after the entry of this Order and will be effective immediately upon entry, and the Debtor, the escrow officer and Buyer are authorized to close the sale immediately upon entry of this Order.

**DATED AND SIGNED AS INDICATED ABOVE.**

Approved:

/s/ *Alan R. Solot*      SBN# 006887
Alan Solot
Attorney for WAB Properties, LLC

6